IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD R. CLIFTON, #322-973,    *
        Plaintiff,

                         *

     v.                    CIVIL ACTION NO. WDQ-06-1544

                         *

RODERICK R. SOWERS, et al.,
        Defendants.        *

                      ******

## MEMORANDUM

Defendants have moved for dismissal or summary judgment against Plaintiff Gerald R.

Clifton.  Paper No. 17.  Plaintiff has filed an opposition.[1]   No hearing is necessary to resolve the

issues before the Court.  Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the

dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### Standard of Review

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment shall

be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine issue as to
> any material fact and that the moving party is entitled to a judgment as a
> matter of law.

> Not every factual dispute will defeat the motion.  As the Supreme Court has stated,
> [b]y its very terms, this standard provides that the mere existence of *some*
> alleged factual dispute between the parties will not defeat an otherwise
> properly supported motion for summary judgment; the requirement is that

---

[1]In his opposition Plaintiff requests appointment of counsel.  Plaintiff's request will be denied.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The Court finds from its review of the Complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty.  Furthermore, the Court concludes that despite Plaintiff's disability he has demonstrated the capacity to oppose the motion to dismiss by filing motions and affidavits of other inmates.

there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc*., 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *See Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

**Background**

Plaintiff alleges that on December 30, 2005, he was assaulted by correctional officers. He states the assault occurred because Plaintiff is a paraplegic and was not able to comply with an order as quickly as the officers wanted. He states that he was grabbed out of his wheel-chair and dropped "sadistically and maliciously." He further alleges that he was handcuffed and dragged up the tier by Officers Hinckle, Rice, Hank and Stotler, who then dragged him into the hallway, picked him up, and carried him to the C-Wing where they dropped him and dragged him to his cell. He states that he was thrown into the back of the cell and hit his head on a vent. Plaintiff states that he asked for medical treatment and he was told to "shut up, or they was really going to ruff me up." [sic]. Plaintiff claims that the officers then began to kick and stomp him until he yelled for help. Other inmates also began to yell for the officers to leave Plaintiff alone. Plaintiff believes he passed out.

2

He states that the next thing he recalled was waking up alone, trying to get blood out of his eyes and yelling for help to get him off of the floor. Plaintiff states that Officer Hawk opened his cell door and threw his wheelchair into the cell while Officer Stotler put Plaintiff's mattress on the top bunk. Plaintiff states that the officers then left his cell but returned a few minutes later took his handcuffs off, and instructed Plaintiff to clean himself up if he wanted to go to the medical department. Officer Hawk declined Plaintiff's request for assistance in getting back into his wheelchair. Plaintiff states that approximately 40 minutes later he was assisted into his wheelchair, taken to the medical department and then rushed to the emergency room. Paper No. 3.

**Analysis**

The Court must first examine Defendants' contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286

3

F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing federal prisoner's lawsuit for failure to exhaust, where prisoner did not appeal administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners.  If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO").  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

Plaintiff states that he filed an administrative remedy and that he noted an appeal to the Commissioner of Corrections which was dismissed. Paper No. 1.  The uncontroverted evidence

shows that Plaintiff did not then appeal the Commissioner's decision to the IGO.  Paper No. 17, Ex.

7.

    Plaintiff clearly has failed to exhaust available administrative remedies with regard to his

claim that he was subjected to excessive force on December 30, 2005.  Unlike the prisoner plaintiff

in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have

frustrated plaintiff's attempts at exhaustion; instead, plaintiff through his own actions failed to file

the appropriate appeals.

    A separate Order will be entered in accordance with this Memorandum.


June 25, 2007                                    _____/s/_____
(Date)                                           William D. Quarles, Jr.
                                                 United States District Judge

5